# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PLATINUM TOWING SERVICE, INC.,**

      **Plaintiff,**

  **v.**                                                                                                           **Case No. 06-C-1077**

**FREIGHTLINER, LLC,,**

      **Defendant.**

# DECISION AND ORDER

The plaintiff, Platinum Towing Service, Inc. ("Platinum"), filed this lawsuit against Freightliner, LLC ("Freightliner") in Racine County Circuit Court. Platinum raised eight claims for relief that all pertain to its purchase of a new 2005 Rollback Freightliner Tow Truck ("Tow Truck"). Specifically, Platinum alleges a breach of warranty (Counts I and II), revocation of acceptance (Count III), violations of the Magnuson-Moss Warranty Act (Counts IV and V), breach of contract (Count VI), and a violation of the Wisconsin New Vehicle Warranties Act ("Wisconsin Lemon Law") (Counts VII and VIII).

On October 13, 2006, Freightliner filed a Notice of Removal based both on the Court's subject matter jurisdiction and diversity jurisdiction. Freightliner subsequently filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Specifically, Freightliner requests the dismissal of the revocation of acceptance claim, the the Magnuson-Moss Warranty Act claims, and the Wisconsin Lemon Law claims.

## BACKGROUND

Platinum is a Minnesota corporation that is a towing service and has its principal office in Anoka County, Minnesota. (Compl. ¶ 1.) Freightliner is a Delaware corporation who is engaged in the manufacture, sale, and distribution of vehicles throughout Wisconsin. (*Id.* at ¶ 2.)

According to the complaint, Platinum bought the Tow Truck on December 2, 2004. (*Id.* at ¶ 3.) The complaint does not indicate from whom Platinum purchased the Tow Truck, nor does it claim who manufactured the Tow Truck. Shortly after Platinum purchased the Tow Truck, it had several mechanical deficiencies. (*Id.* at ¶ 6.) Platinum took it to an authorized dealer to service it on at least ten occasions between January 2005 and November 2005. (*Id.* at ¶ 6.) Due to these numerous deficiencies, Platinum attempted to revoke its acceptance of the Tow Truck, but the entity that sold the Tow Truck to Platinum refused to revoke. (*Id.* at ¶¶ 39-40.)

## DISCUSSION

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts as true the factual allegations of the complaint and draws all reasonable inferences in favor of the plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990). A motion to dismiss can only be granted when "it appears beyond a doubt" that the

2

plaintiff can prove no set of facts in support of his claims. *Lashbrook v. Oerkfitz*, 65 F.3d 1339, 1343 (7th Cir. 1995).

Freightliner argues in support of its motion that the revocation acceptance claim ought to be dismissed because it did not sell the Tow Truck to Platinum. In addition, Freightliner claims that the Wisconsin Lemon Law claims likewise ought to be dismissed because it did not manufacture the Tow Truck, but merely supplied the chassis to the final manufacturer. (Minsloff Aff. ¶ 3.) Freightliner also argues that the Magnuson-Moss Warranty Act claims must be dismissed because the Tow Truck was not "normally used for personal, family, or household purposes . . . ." 15 U.S.C. § 2301(1).

Freightliner's arguments do not properly support its motion to dismiss because the arguments are based on factual assertions that are outside of the complaint. However, the Court may treat a Rule 12(b)(6) motion to dismiss as one for summary judgment when the opposing party has had a "reasonable opportunity" to submit affidavits that contradict the affidavits submitted in support of the motion. *See* Fed. R. Civ. P. 12(b).

Platinum had a reasonable opportunity to respond to Freightliner's claim that it did not actually sell the Tow Truck to Platinum. Platinum could have easily submitted an affidavit indicating the seller of the Tow Truck. Platinum also had an opportunity to respond to Freightliner's allegation that the Tow Truck is not normally used for personal, non-commercial purposes. Yet, despite having the opportunity, Platinum did not contest these factual assertions. In fact, Platinum offered no opposition in its response brief to the

3

challenge to its revocation of acceptance claim and Magnuson-Moss Warranty Act claims. The Court, having converted Freightliner's motion to dismiss these claims into a motion for summary judgment, and Platinum having failed to defend either one of those claims after having the opportunity to do so, will grant Freightliner's motion for summary judgment.

Platinum did defend its Wisconsin Lemon Law claims. It argues that without discovery, it cannot know for certain whether Freightliner manufactured the Tow Truck. The Court agrees. At this point, it would be premature for the Court to rule on the Wisconsin Lemon Law claims because discovery is needed to resolve this factual matter. Freightliner's motion to dismiss the Wisconsin Lemon Law claims is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Freightliner's Motion to Dismiss (Docket No. 3) is **DENIED**, in part, and **CONVERTED** to a motion for summary judgment, in part. The Court **CONVERTS** the motion to dismiss the revocation of acceptance claim (Count III) and the Magnuson-Moss Warranty Act claims (Counts IV and V) into a motion for summary judgment. The Court **GRANTS** the motion for summary judgment. The Court **DENIES** the motion to dismiss the Wisconsin Lemon Law claims (Counts VII and VIII).

Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **July 10, 2007** at **9:30 a.m** (Central Time). Please be available at that time. The Court will initiate the call.

4

The purpose of the conference call will be to establish a Scheduling Order which will limit the time:

1. to join other parties and to amend the pleadings;

2. to file motions; and

3. to complete discovery;

The Scheduling order may also include:

4. modifications of the times for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted;

5. the date or dates for conferences before trial, a final pretrial conference, and trial; and

6. any other matters appropriate in the circumstances of the case.

The time limitations set forth in the Scheduling Order shall not be modified except upon showing of good cause and by leave of the Court. Fed. R. Civ. P. 16(b)(6).

Special attention should be given to Rule 26(f), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rule 26 also mandates that the parties, within fourteen (14) days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (2) make the required initial disclosures under

5

Rule 26(a) regarding witnesses and documents.  In addition to the matters specified in subsections (1)-(6) of Rule 26(f), the Court requests that the proposed discovery plan submitted by the parties include a very brief statement of the nature of the case, lasting no more than several sentences.

Dated at Milwaukee, Wisconsin this 11th day of May, 2007.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**